J-S55036-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD TUCKER, JR. | : | |
| | : | |
| Appellant | : | No. 144 WDA 2020 |

Appeal from the PCRA Order Entered December 4, 2019
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001647-2007

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    FILED JANUARY 05, 2021

Appellant, Edward Tucker, Jr., pro se, appeals from the order entered December 4, 2019, that dismissed his petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We quash the appeal.

The facts and underlying procedural history of this action were previously set forth by this Court in Commonwealth v. Tucker, No. 1898 WDA 2009, unpublished memorandum at 1-3 (Pa. Super. filed August 3, 2010).  Therefore, we have no reason to restate them at length here.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

For the convenience of the reader, we briefly note that, on April 24, 2008, Appellant entered an open guilty plea to murder of the third degree[2] and was later sentenced to 17 to 34 years of confinement.

> A pro se [PCRA] motion . . . filed by [Appellant] on May 20, 2008, was denied on June 5, 2008, since [Appellant] had not waived nor exhausted his appeal rights.
>
> On January 23, 2009, [Appellant] filed a second pro se motion for [PCRA] relief . . . [Appellant's] request for reinstatement of his post-sentence and/or direct appeal rights was granted on June 16, 2009.

Id. at 2. Appellant thereafter filed a direct appeal, and this Court affirmed his judgment of sentence. Id. at 1. Appellant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which was denied on March 5, 2014.

On May 20, 2019, Appellant pro se filed his current PCRA petition. The petition included the following paragraph: "42 Pa.C.S. sec. 9545. Jurisdiction (b)(1)(i) Government interference (ii) claim is predicated were unknown to defendant [sic]." PCRA Petition, 5/20/2019, at 1.

On June 19, 2019, the PCRA court appointed counsel to represent Appellant and ordered PCRA counsel to file an amended petition within 90 of days of the date of the order. On September 17, 2019, PCRA counsel filed a petition to withdraw and a "no merit" letter pursuant to Commonwealth v.

_____

[2] 18 Pa.C.S. § 2502(c).

Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

On September 30, 2019, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response but did not request to amend the PCRA petition.

On December 4, 2019, the PCRA court dismissed Appellant's petition and granted counsel's motion to withdraw. The order dismissing the petition was date-stamped and entered on the docket by the Beaver County Clerk of Courts that same day. A notation on the certified record states that the order was sent to Appellant that same day; however, there is also a note listing service as accepted on January 2, 2020.

Appellant, acting pro se, filed a notice of appeal. The date handwritten next to Appellant's signature on the notice of appeal was January 11, 2020. The accompanying proof of service also had the handwritten date of January 11, 2020. The notice of appeal was time-stamped and docketed by the Beaver County Clerk of Courts on January 15, 2020.

Before reaching the merits of the issues presented by Appellant for our review, we must first ascertain whether he adhered to the Pennsylvania Rules of Appellate Procedure. Pursuant to our review of the record, we are compelled to quash his appeal, because, under Pa.R.A.P. 903, an appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." "Because this filing period is jurisdictional in nature, it must be strictly

construed and may not be extended as a matter of indulgence or grace." Commonwealth v. Gaines, 127 A.3d 15, 17 (Pa. Super. 2015) (en banc) (citation and internal quotation marks omitted). Appellant thus had until January 3, 2020, to file an appeal from the order entered December 4, 2019. As Appellant did not file his notice of appeal until January 15, 2020, his appeal is untimely.

Assuming we were to accept the date handwritten on the notice of appeal – January 11, 2020 – instead of the date stamped on the notice of appeal by the Beaver County Clerk of Courts – January 15, 2020 – as the date that the notice was filed for purposes of Pa.R.A.P. 903(a), Appellant's appeal would still be untimely. See Commonwealth v. Whitehawk, 146 A.3d 266, 268 n.3 (Pa. Super. 2016) ("under the 'prisoner mailbox rule' a document is deemed filed when placed in the hands of prison authorities for mailing"). Even if Appellant did not receive the order dismissing his PCRA petition until January 2, 2020, he provides no explanation as to why an additional nine days passed before he executed a notice of appeal.[3]

_____

[3] Assuming arguendo that Appellant had filed a timely notice of appeal, this Court would still be without jurisdiction, because Appellant's PCRA petition was untimely. Commonwealth v. Hackett, 956 A.2d 978, 983 (Pa. 2008) (timeliness of a PCRA petition is a jurisdictional requirement); Commonwealth v. Brown, 943 A.2d 264, 267 (Pa. 2008) (citing Commonwealth v. Robinson, 837 A.2d 1157, 1161 (Pa. 2003)) (it is "well settled that there is no generalized equitable exception to the jurisdictional . . . time bar pertaining to post-conviction petitions").

This Court therefore is without jurisdiction to hear Appellant's appeal. Consequently, we quash the appeal.

Appeal quashed.

_____

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in section 9545(b) of the statute.  See 42 Pa.C.S. § 9545(b)(1).

Judgment of sentence becomes final ninety days after the Pennsylvania Supreme Court either denied the petition or granted the petition and rendered a decision.  U.S. Sup. Ct. R. 13.  The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March 5, 2014; ninety days thereafter was June 3, 2014 – i.e., the date that Appellant's judgment became final.

Appellant had one year thereafter to file a PCRA petition – until June 3, 2015. 42 Pa.C.S. § 9545(b)(1).  Appellant filed the current petition on May 20, 2019 – over three years and eleven months late.  Therefore, Appellant's petition was patently untimely, and, except for a bald and incoherent reference to Section 9545(b)(1)(i) (exception to the timeliness requirement where "the petition alleges and the petitioner proves . . . the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States"), Appellant's PCRA petition fails to plead or to prove an exception to the timeliness requirements of the PCRA.  PCRA Petition, 5/20/2019, at 1.  Ergo, the PCRA court was without jurisdiction to review the merits of Appellant's petition, and we are likewise without jurisdiction to review the merits of his appeal therefrom.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/5/2020